Gulotta, J.
(dissenting). This is an action by a landlord sounding in contract to recover rent, property damage to leased premises and attorney’s fees pursuant to the terms of a lease between the parties.
The lease provides for waiver of a jury trial in the following language: “ 23. It is mutually agreed by and between Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Tenant’s use or occupancy of said premises, and/or any claim of injury or damage.”
The validity of this provision is well settled (2 Rasch, Landlord & Tenant [1st ed.], § 1406; 33 N. T. Jur., Landlord & Tenant, § 56, p. 352).
In my opinion section 259-c of the Real Property Law which invalidates such a waiver in an action to recover for “ personal injury or property damage ” has no application-to our instant case. The section appears to have no legislative history but traditionally these words refer to tort actions arising out of a liability imposed by law for negligence, or even a willful tort, but not out of a contract.
Section 37-a of the General Construction Law so defines “ personal injury ” although it contains no definition of “ prop *70 erty damage The terms are linked together in section 167 of the Insurance Law for purposes -of liability coverage and they are similarly defined in subdivisions 13 and 14 of section 46 of the Insurance Law.
I regard the section as a companion section to section 5-321 of the General Obligations Law, formerly section 234 of the Real Property Law, which invalidates a provision in a lease which purports to exempt a landlord from liability for damages for injuries to person or property dpe to his ou)n negligence. It seems to me that the purpose of section 259-c is to make the jury waiver found in the great majority of leases ineffective in such an action.
By a strange coincidence the Appellate Division in the Second Department in Parise v. Seaman Trucking Co. (278 App. Div. 845), in a brief opinion held that covenant No. 23 of that lease did not accomplish a waiver of a jury trial in an action similar to our own. The short opinion does not indicarte what covenant No. 23 provided. An examination of the record on appeal however, disclosed that the two clauses have little in common. In contrast with our own comprehensive waiver in broadest terms possible, the waiver in Parise was limited to an, action to recover rent or damages in lieu of rent after re-entry by the landlord. Thus it furnishes no guide for the decision in this case. Nor does the Parise opinion in any way rely on section 259-c of the Real Property Law, since it never reached that point.
I would, therefore, affirm the order which granted plaintiff’s motion to vacate the defendant’s jury demand.
Hogan, P. J., and Glickman, J., concur in memorandum; Gulotta, J., dissents, in opinion.
Order reversed etc.